IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| R. Jay Lagroon, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:11-2531-TMC-JDA |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Heather Hite Stone, and Marion Casey Stone, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | )____ | |

This matter is before the Court on Plaintiff's motion to voluntarily dismiss this action pursuant to Rule 41(a)(2). [Doc. 42.] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases where an individual is proceeding pro se and to submit findings and recommendations to the District Court.

Plaintiff filed this action on September 6, 2011 in the Southern District of Georgia. [Doc. 1] The case was transferred to this district based on improper venue on September 21, 2011 [Doc. 7.] On March 12, 2012, the Plaintiff advised the Court of his desire to voluntarily dismiss this action because he was "now aware that removal was not allowed under the United States Code or the Federal Rules of Civil Procedure." [Doc. 41 at 1.] Because of certain statements made in his motion to dismiss which were not accurate with respect to the posture of this case, on March 14, 2012, the Court asked Plaintiff to confirm his desire to voluntarily dismiss this action pending in the District of South Carolina against the above named Defendants. [Doc. 43.] On March 23, 2012, the Plaintiff again confirmed his desire to voluntarily dismiss this action. [Doc. 46.]

Under Rule 41(a)(2), FRCP, a district court may dismiss an action "at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2), FRCP. "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d at 1273. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id.

"A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir.1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. *See Vosburgh v. Indemnity Ins. Co. of North America*, 217 F.R.D. 384, 386 (S.D.W.Va. Sep.12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Upon considering the *Vosburgh* factors above, the Court finds that voluntary dismissal would be appropriate at this time and that the Defendants would not be unduly prejudiced by the dismissal. The case is still in relatively early stages, the Defendants have a pending Motion [Doc. 33] to dismiss the action as frivolous, and no scheduling order has been set in this case.

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion [42] to voluntarily dismiss this action pursuant to Rule 41(a)(2) be GRANTED and the case

dismissed without prejudice.  Further, the Court recommends that the remaining motions [Docs. 31, 33 and 34] in this action be terminated.

      IT IS SO RECOMMENDED.

                                              <u>s/Jacquelyn D. Austin</u>
                                              United States Magistrate Judge

March 23, 2012
Greenville, South Carolina