IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| R. Jay Lagroon, ) | |
| ) | C.A. No. 8:11-2531-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Heather Hite Stone; and Marion Casey Stone, ) | |
| ) | |
| Defendants. ) | |

The *pro se* plaintiff R. Jay Lagroon (Lagroon) filed this action against the defendants in the Southern District of Georgia, alleging that they violated various orders of South Carolina state court judges. Additionally, Lagroon asks this court to vacate an order by a South Carolina circuit judge.[1] (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) (Dkt. No. 47) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. The Report recommends[2] granting Lagroon's motion to voluntarily dismiss his action. (Dkt. No. 42.) The court adopts the Report and grants the motion to dismiss.

The Report sets forth in detail the legal standards on this matter, and the court incorporates the magistrate judge's Report. Objections to the Report were due by April 9, 2012. Given that

---

[1] Lagroon filed the same complaint in the Abbeville County Magistrate Court, which was summarily dismissed. Upon appeal to the circuit court, the circuit judge affirmed the dismissal and sanctioned Lagroon for instituting frivolous proceedings. Lagroon seeks to set aside this order.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Lagroon now seeks to dismiss his case, he filed no objections to the Report. In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

However, the defendants' pleadings and affidavits contain serious allegations against Lagroon. Specifically, the defendants assert that they were never served with the summons and complaint. Instead, they allege that Lagroon fraudulently mailed other unrelated documents that he now claims constituted service in this action. Additionally, the defendants assert that the affidavit of service is entirely fabricated. If true, these serious allegations would constitute a fraud upon the court and perjury. Accordingly, these allegations will be referred to the United States Attorney for the District of South Carolina and the Federal Bureau of Investigation for investigation and action as appropriate.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 47.) It is therefore **ORDERED** that the motion to dismiss is **GRANTED** without prejudice. (Dkt. No. 42.) The remaining pending motions are denied as moot. (Dkt. Nos. 31, 33, 34.)

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
April 20, 2012